Tbe opinion of tbe Court was delivered by
G-loyer, J.
Tbe action was assumpsit, brought by Christopher Neal against Alfred M. Neal, bis brother, and tbe case *84 was tbis: — Sometime between the years 1840 and 1845, tbe plaintiff and defendant agreed to exchange certain lands which they owned in Georgia; and, in pursuance of that agreement, the plaintiff conveyed to the defendant two lots in Lee county; the defendant, at the same time giving his bond to make titles for a lot situate in the Cherokee country. Afterwards the defendant sold the lots in Lee county for four hundred dollars, and also either sold or failed to identify the lot in the Cherokee country, for which he was under obligation to make titles in' consideration of the land that he had received in exchange in Lee county. The defendant also took from the plaintiff’s trunk, in his absence and without his knowledge or consent — says Thomas Neal, a brother of both — the bond which he had given to make titles. On several occasions, and as late as 1855, the parties had frequent interviews and conversations respecting this exchange of lands, in which the defendant promised to pay what was right. Thomas Neal was employed and sent by the defendant to examine a lot in Cobb county, which he alleged to be the one which he had exchanged with his brother and promised to pay the amount that his agent should determine to be its value. ■
Thomas reported, that “ the land was a straddle of a mountain, and not worth a dime,” which the witness said was satisfactory to the defendant, but not to the plaintiff who denied .that he had consented to receive in exchange a lot in Cobb county. On another occasion, or rather to another witness, the defendant said, that the lot selected by plaintiff was in Paulding county, which he also denied.
This is a brief and unvarnished account of the course of dealing and conduct between two brothers respecting an exchange of their lands, slightly varied in some unimportant particulars by contradictory statements ; but, after an impartial consideration of the evidence, to this complexion it will
*85 On tbis evidence tbe plaintiff has brought his action to recover damages and, in the first count of his declaration, sets out the agreement to exchange lands, avers his compliance by the execution of titles and alleges as a breach the neglect and refusal of the defendant to perforin his promise. The second count is indebitatus assumpsit for the value of the two lots in Lee county sold and conveyed to the defendant, and also the money counts; and the single question submitted by the plaintiff’s grounds of appeal in support of his motion for a new trial is, whether he can recover on these allegations and the proof made to sustain them.
The first count presents a case where relief may be afforded by a decree for specific performance in another forum ; but is not the foundation of an action for damages for the breach of the agreement. A recovery on the second count — indeed on all the counts — is resisted on the ground, that the plaintiff had a bond for titles to the land, which was the consideration of the two lots in Lee county, and that his remedy is on the bond. Such an objection is only plausible and deserves little favor when urged by one who is not only in possession of the bond but has sold the land, and has thus voluntarily rendered it- impossible to discharge his obligation. The sale of the land by the defendant and his promise to pay its value to the plaintiff, operated as a rescission of the contract to exchange lands, and left the defendant indebted for the value of the two lots in Lee county, conveyed by the plaintiff to him. If the contract is rescinded by the defendant’s acts, he is then responsible as a purchaser and may be liable under the second count for the value of the lots ; but he cannot escape from the count for money had and received, which embraces all that class df cases where one person, in any manner, has the money of another which excequoet bono, he should return.
In Bours & Bascombe, vs. Watson, (1 Mill, 393,) a person got by mistake of the clerk, twice as much goods as he had bought, and having converted them to his use, it was held, *86 that the conversion amounted to a tacit consent that he would pay for them, and that the law will imply a promise to do so. The application of a principle so just and reasonable, to this case, establishes the defendant’s liability under the count for' money had and received, unless he shall be able to escape it, by the introduction of new evidence on a second trial, which is ordered; and the plaintiff’s motion is granted.
O’Neall, Waedlaw, Withebs,- and Whitheb, JJ., concurred.

Motion granted.